IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02093-BNB

IGNACIO RAY RAEL,

    Plaintiff,

v.

KATHLEEN BOYD (12547),
MIKE AURITI (1305),
OFFICER JACOPS,
SERGEANT MARQUEZ,
SERGEANT MARTINEZ,
BRENDA GONZALEZ.
DEBORAH MOORE (11251), and
L. PAYNE (8762),

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Ignacio Ray Rael, is a prisoner in the custody of the Colorado Department of Corrections at the Centennial Correctional Facility in Cañon City, Colorado.  Mr. Rael initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983.  On August 10, 2012, the court ordered Mr. Rael to file an amended complaint because the original complaint did not comply with the court's local rules and the pleading requirements of the Federal Rules of Civil Procedure.  On August 21, 2012, Mr. Rael filed an amended Prisoner Complaint (ECF No. 9).  On August 31, 2012, Mr. Rael submitted another amended Prisoner Complaint (ECF No. 12-1) that is substantially similar to the amended Prisoner Complaint filed on August 21, 2012.

The court has reviewed the amended Prisoner Complaints and finds that the amended Prisoner Complaints remain deficient as discussed in this order. However, because it appears that Mr. Rael has made a good-faith effort to comply with the court's prior order, he will be given another opportunity to file a pleading that complies with the court's local rules and the pleading requirements of the Federal Rules of Civil Procedure.

The court notes initially that the amended Prisoner Complaints are deficient because Mr. Rael fails to list all of the named Defendants in the caption. Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." Pursuant to Rule 10.1J. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[p]arties shall be listed in a caption with one party per line. The proper name of a party shall be in capital letters, and any identifying text shall be in upper and lower case immediately following the proper name." In order to avoid any confusion regarding who is a proper party in this action, Mr. Rael will be ordered to file a second amended complaint that identifies all of the parties in the caption.

Mr. Rael also is advised that his second amended complaint must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and

(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Rael still fails to provide a short and plain statement of each of his claims showing that he is entitled to relief in this action because he still fails to allege, clearly and concisely, specific facts that support cognizable constitutional claims against the named Defendants. In particular, Mr. Rael still fails to make clear in each claim what each named Defendant did that allegedly violated his constitutional rights. For example, Mr. Rael cannot assert a cognizable Eighth Amendment claim by alleging he was verbally abused by prison officials, as Mr. Rael does in his fourth claim for relief, without explaining how he was harmed by the alleged verbal abuse. Similarly, Mr. Rael's second claim for relief, in which he contends that three nurses violated his Eighth Amendment rights by discontinuing his high blood pressure medication, lacks specific factual allegations that explain what each nurse did to discontinue his high blood pressure medication. Mr. Rael also fails to provide a short and plain statement of his other claims in the amended Prisoner Complaints.

For these reasons, Mr. Rael will be directed to file a second amended Prisoner Complaint that clarifies the specific claims for relief he is asserting in this action and the specific facts that support each asserted claim. In order to state a claim in federal court, Mr. Rael "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the

responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Rael file, **within thirty (30) days from the date of this order**, a second amended Prisoner Complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Rael shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Rael fails to file a second amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED September 13, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge