IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02093-WYD-BNB

IGNACIO RAY RAEL

Plaintiff,

v.

MCLAUGHLIN (Officer),
SHAWN MURPHY (Case Manager),
LLOYD (Nurse Practitioner),
KATHLEEN BOYD (Nurse),
MIKE AURITI (Officer),
JACOPS (Officer),
MARQUEZ (Sergeant),
MARTINEZ (Sergeant),
BRENDA GONZALES (Sergeant),
DEBORAH MOORE (Nurse), and
L. PAYNE (Case Manager),

Defendants.

_____

**ORDER TO SHOW CAUSE**
_____

This matter arises on the plaintiff's **Motion for Service and Summons** [Doc. #29, filed 12/17/2012] (the "Motion"). The Motion is DENIED, and the plaintiff is directed to SHOW CAUSE why this action should not be dismissed as to defendant McLaughlin.

The plaintiff is currently incarcerated by the Colorado Department of Corrections ("DOC") at the Limon Correctional Facility ("LCF"). He filed his Second Amended Prisoner Complaint on October 1, 2012 [Doc. #16] (the "Complaint"). The Complaint states that defendant McLaughlin "was (is) a employee for the Colorado Department of Corrections." *Complaint*, p. 3, ¶ 2.

On October 3, 2012, forms for service of process on the defendants were sent to the DOC Office of Legal Affairs [Doc. #19]. On October 9, 2012, the Office of Legal Affairs filed an Amended Waiver of Service of Summons [Doc. #22] acknowledging and waiving service for all defendants except McLaughlin. Service on McLaughlin was not waived because he is no longer a DOC employee. A forwarding address was provided for McLaughlin.

On October 10, 2012, a form for service of process was sent to the United States Marshal for service of process on McLaughlin at the forwarding address provided by the DOC [Doc. #23]. On November 6, 2012, the Marshal filed a Process Receipt and Return [Doc. #25] which shows that McLaughlin was not served. The Return states "Unable to locate, address is vacant, no forwarding address."

In his Motion, the plaintiff requests that the court "issue an immediate order for service and summons of the plaintiff's complaint to defendant McLaughlin, and issue a [sic] order for direct response of said summons and complaint." He states that he "is entitled to rely on U.S. Marshall [sic] for service of summons and complaint and, having provided necessary information to help effectiate [sic] service, plaintiff should not be penalized by having any action dismissed for failer [sic] to effect service where Marshall [sic] or court clerk has failed to perform duties required of each of them." Contrary to the plaintiff's assertions, he is responsible for providing the court with the proper addresses for the defendants. The Clerk of the Court and the United States Marshal are not responsible for obtaining addresses for service.

IT IS ORDERED:

1. The Motion for Service and Summons [Doc. #29] is DENIED; and

2. The plaintiff shall show cause, if any there be, in writing and on or before **February 25, 2013**, why the Complaint should not be dismissed as against defendant McLaughlin for failure to prosecute. See D.C.COLO.LCivR 41.1. In the event that no such showing is made, I will recommend that the action be dismissed, without prejudice, against defendant McLaughlin for failure to prosecute.

Dated January 28, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge