IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02093-WYD-BNB

IGNACIO RAY RAEL

Plaintiff,

v.

MCLAUGHLIN (Officer),
SHAWN MURPHY (Case Manager),
LLOYD (Nurse Practitioner),
KATHLEEN BOYD (Nurse),
MIKE AURITI (Officer),
JACOPS (Officer),
MARQUEZ (Sergeant),
MARTINEZ (Sergeant),
BRENDA GONZALES (Sergeant),
DEBORAH MOORE (Nurse), and
L. PAYNE (Case Manager),

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER**
_____

This matter arises on the plaintiff's **Motion for Service and Summons** [Doc. #40, filed 02/02/2013] and my Order to Show Cause [Doc. #39]. The Motion for Service and Summons is DENIED, and I respectfully RECOMMEND that this action be dismissed as to defendant McLaughlin.

The plaintiff currently is incarcerated by the Colorado Department of Corrections ("DOC") at the Limon Correctional Facility ("LCF"). He filed his Second Amended Prisoner Complaint on October 1, 2012 [Doc. #16] (the "Complaint"). The Complaint states that

defendant McLaughlin "was (is) a employee for the Colorado Department of Corrections." *Complaint*, p. 3, ¶ 2.

On October 3, 2012, forms for service of process on the defendants were sent to the DOC Office of Legal Affairs [Doc. #19]. On October 9, 2012, the Office of Legal Affairs filed an Amended Waiver of Service of Summons [Doc. #22] acknowledging and waiving service for all defendants except McLaughlin. Service on McLaughlin was not waived because he is no longer a DOC employee. A forwarding address was provided for McLaughlin.

On October 10, 2012, a form for service of process was sent to the United States Marshal for service of process on McLaughlin at the forwarding address provided by the DOC [Doc. #23]. On November 6, 2012, the Marshal filed a Process Receipt and Return [Doc. #25] which shows that McLaughlin was not served. The Return states "Unable to locate, address is vacant, no forwarding address."

On December 17, 2012, the plaintiff filed a Motion for Service and Summons [Doc. #29] requesting that the court "issue an immediate order for service and summons of the plaintiff's complaint to defendant McLaughlin, and issue a [sic] order for direct response of said summons and complaint." The plaintiff states that he "is entitled to rely on U.S. Marshall [sic] for service of summons and complaint and, having provided necessary information to help effectiate [sic] service, plaintiff should not be penalized by having any action dismissed for failer [sic] to effect service where Marshall [sic] or court clerk has failed to perform duties required of each of them."

I denied [Doc. #39] the motion, stating that "[c]ontrary to the plaintiff's assertions, he is responsible for providing the court with the proper addresses for the defendants. The Clerk of

the Court and the United States Marshal are not responsible for obtaining addresses for service." In addition, I ordered the plaintiff to show cause on or before February 25, 2013, why the Complaint should not be dismissed as against defendant McLaughlin for failure to prosecute. See D.C.COLO.LCivR 41.1. I cautioned the plaintiff that in the event that no such showing was made, I would recommend that the action be dismissed, without prejudice, against defendant McLaughlin for failure to prosecute.

In response, the plaintiff resubmitted the Motion for Service and Summons he filed on December 17, 2012. The plaintiff has failed to show cause why the Complaint should not be dismissed as to defendant McLaughlin.

IT IS ORDERED that the plaintiff's Motion for Service and Summons [Doc. #40] is DENIED.

In addition, I respectfully RECOMMEND that the Complaint be DISMISSED WITHOUT PREJUDICE as against defendant McLaughlin for failure to prosecute.[1]

Dated March 1, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).